Attorneys—Harry Hess for Henry Clark; Kilgarriff & Kilgarriff for Lizzie Clark; all of Cincinnati.

------

No. 323

NICHOLS v. STATE

Ohio Appeals, 9th· Dist., Summit Co.

No. 1270.. Decided Feb. 21, 1927

661.   INTOXICATING LIQUOR — Jamaica ginger, ncotaining 91% alcohol and kept for sale as a beverage, is intoxicating liquor within the meaning of 6212-14 GC.

PER CURIAM.

James Nichols in the Summit Common Pleas was charged with violating the Crabbe Act, and was found guilty.   The defendant was engaged in operating a soft drink parlor and the specific charge was the unlawful possession of intoxicating liquor.   It seems that jamaica ginger containing 91% alcohol, was sold by him as a beverage.

On error proceedings, the Court of Appeals held:

1.   From the record, the trial court was justified in finding that the defendant had sold large quantities of such preparation known as Jamaica ginger, and that he had in his possession in his store a large quantity of such preparation for sale as a beverage.

2.   Such article containing 91% of alcohol, and kept for sale as a beverage, was intoxicating liquor within the meaning of 6212-14 GC.

3.   While such preparation, when undiluted, is not, in the ordinary sense of that term, fit to drink as a beverage, it is frequently used as a beverage when mixed with soft drinks, and defendant was therefore rightfully convicted.

Judgment affirmed.

(Washburn, PJ., Funk & Pardee, JJ., concur.)

Attorneys—E. F. Trunko for Nichols; H. M. Hagelbarger and W. H. Knowlton for State; all of Akron.

------

No. 324

TWIN DRY CELL CO. v. SOUTHWORTH

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7494.   Decided Oct. 4, 1926

480.   EVIDENCE—Where there is a mere conflict of evidence a reviewing court cannot reverse on weight of evidence, for such is a matter of law and not a matter of the courts opinion.

677.   JUDGMENTS & DECREES—Where from the evidence both parties could have avoided an accident, the court will not reverse, where court denies either damages.

First Publication of this Opinion

SULLIVAN, J.

This cause comes into this court on error· from the Cleveland Municipal Court and it is sought to reverse the judgment of the lower court upon the ground that the judgment is clearly and manifestly against the weight of the evidence.

The facts in brief are that a truck of the W. P. Southworth Co. was traversing a street upon which it had the right of way when at an intersection it collided with a truck of the Twin Dry Cell Battery Company.   The court found for the Southworth Co. on its statement of claim, and the Dry Cell Co. on its cross statement of claim.   The Court of Appeals held:

1.   The facts in the case are merely in conflict, which does not allow a reviewing court to reverse on the weight of the evidence. The court can only reverse upon this ground when it appears as a matter of law, and not as a matter of judgment or opinion of the reviewing court.

2.   The lower court, in face of the evidence, gave each party judgment on their respective claims and this judgment is affirmed.

Judgment affirmed.

(Levine, PJ., and Vickery, J., concur.)

Attorneys—Bartholomew, Leeper & McGill for Twin Cell Co.; Quigley & Byrnes for Southworth Co.; all of Cleveland.